United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERGIO GONZALEZ, ) | No. C 10-04905 JW (PR) |
| Petitioner, ) | |
| ) | ORDER DISMISSING PETITION FOR A WRIT OF HABEAS CORPUS; DENYING CERTIFICATE OF APPEALABILITY |
| vs. ) | |
| ) | |
| RANDY GROUNDS, Warden, ) | |
| Respondent. ) | |
| ) | |

Petitioner, a California prisoner incarcerated at the Soledad State Prison, has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging the denial of parole by the Board of Parole Hearings ("Board") in 2009. Petitioner has paid the filing fee.

**DISCUSSION**

**A.     Standard of Review**

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975).

Order Dismissing Petition; Denying COA
P:\PRO-SE\SJ.JW\HC.10\Gonzalez04905_parole-dism.wpd

1  A district court shall "award the writ or issue an order directing the respondent to
2  show cause why the writ should not be granted, unless it appears from the application that
3  the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

**B.     Petitioner's Claims**

Petitioner seeks federal habeas relief based on the following claims: 1) petitioner has a protected liberty interest in parole under the due process clauses of the federal and state constitutions; 2) the decision violated due process because there was insufficient evidence to support the Board's finding that petitioner presents a current risk to public safety; 3) the Board misapplied state regulations in their decision making; 4) the Board and the District Attorney used false information and incorrect criteria in determining petitioner's sentence; and 5) the Board's decision deprived petitioner of his right to "life, liberty and property" under the Fifth and Fourteenth Amendments.

For the purposes of habeas federal habeas review, a California prisoner is entitled to only "minimal" procedural protections in connection with a parole suitability determination. Swarthout v. Cooke, No. 10-333, slip op. 4-5 (U.S. Jan. 24, 2011). The procedural protections to which the prisoner is entitled under the Due Process Clause of the Fourteenth Amendment are limited to an opportunity to be heard and a statement of the reasons why parole was denied. Id. The attachments to the petition show that petitioner received at least this amount of process. The Constitution does not require more. Id. at 5. And although petitioner claims that his Fourteenth Amendment right to due process was violated under claim 5, the petition contains no factual allegations indicating that petitioner was actually deprived of the minimum procedural protections discussed above.

Whether the Board's decision was supported by some reliable evidence of current dangerousness is irrelevant in federal habeas. The Supreme Court has made clear that "it is no federal concern... whether California's 'some evidence' rule of judicial review (a procedure beyond what the Constitution demands) was correctly applied." Id. at 6. In light of the Supreme Court's determination that due process does not require that there be

any amount of evidence to support the parole denial, the petitions fails to state a cognizable claim for relief.  Plaintiff's claims alleging the misapplication of state laws and non-compliance with state regulations are also not cognizable in federal habeas.

## CONCLUSION

For the foregoing reasons, the petition for a writ of habeas corpus is DISMISSED for failure to state a cognizable claim for relief.

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, a certificate of appealability ("COA") under 28 U.S.C. § 2253(c) is DENIED because it cannot be said that "reasonable jurists" would find the district court's assessment of the constitution claims debatable or wrong.  Slack v. McDaniel, 529 U.S. 473, 484 (2000).

DATED:  April 5, 2011

JAMES WARE
United States District Chief Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

SERGIO GONZALEZ,

        Petitioner,

v.

RANDY GROUNDS, Warden,

        Respondent.
                                   /

Case Number: CV10-04905 JW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 4/15/2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Sergio Gonzalez E-52514
Soledad State Prison
P. O. Box 689
Soledad, CA 93960-0689

Dated: 4/15/2011

Richard W. Wieking, Clerk
/s/ By: Elizabeth Garcia, Deputy Clerk